**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN DOBBS, | ) |
| | ) **Case No.: 5:21-cv-4435** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **PRO CUSTOM SOLAR, LLC, d/b/a MOMENTUM SOLAR,** | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

RYAN DOBBS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PRO CUSTOM SOLAR d/b/a MOMENTUM SOLAR ("Defendant" or "Momentum"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania.

4. Plaintiff resides in the Commonwealth of Pennsylvania.

5. The acts and omissions described herein occurred primarily in the Commonwealth of Pennsylvania.

6. Defendant knowingly placed calls to Plaintiff's cell phone which is assigned "484" area code associated with metropolitan Philadelphia.

7. Accordingly, Defendant purposefully and knowingly availed itself to the Commonwealth of Pennsylvania and this District specifically.

8. Therefore, personal jurisdiction is established.

9. Furthermore, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff is a natural person residing in Boyertown, Pennsylvania 19512.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant is a corporation that has its headquarters located at 3096 Hamilton Boulevard, Suite 2B, South Plainfield NJ 07080.

13. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. At all times relevant hereto, Plaintiff owned and used a cell phone, the number for which was 484-XXX-2710.

16. Plaintiff primarily used that cell phone for residential purposes.

17. Plaintiff registered his cell phone number has been on the Do Not Call Registry in around December 2010.

18. Plaintiff registered his cell phone number on the Do Not Call list in order to obtain solitude from invasive and irritating telemarketing calls.

19. Despite the registration of his number on the Do Not Call list and despite the fact that Plaintiff never consented for Momentum to call his cell phone, Defendant called Plaintiff on his cellular telephone for solicitation purposes.

20. Specifically, Defendant was selling solar energy plans.

21. Plaintiff did not have or express an interest in procuring solar energy and did not consent to receiving calls about same.

22. Momentum called Plaintiff on instances including but not limited to:

- June 30, 2021 at 9:41 am EST;
- June 30, 2021 at 10:22 am EST;
- June 30, 2021 at 12:44 pm EST;
- June 30, 2021 at 6:33 pm EST; and
- July 6, 2021 at 9:35 am EST;

23. Plaintiff believes and therefore avers that Defendant called Plaintiff on other occasions not reflected in the aforementioned list.

24. On instances where Plaintiff answered Momentum's calls, he heard a pause and a delay before a live agent appeared on the line for Momentum.

25. After a Momentum agent appeared on the line, the company attempted to arrange for someone to come to Plaintiff's home to install solar panels.

26. Mr. Dobbs repeatedly told Momentum to stop calling because he was not in the market for solar panels.

27. For instance, on June 30, 2021 at around 6:33 pm, Momentum called Mr. Dobbs while he was eating dinner with his family. Momentum asked if someone could come to Dobbs' home to begin the solar panel installation process.

28. During that call, Dobbs reiterated to Momentum he did not want the company's services  Dobbs told Momentum he never signed up to receive the calls and the incessant calls were irritating and disruptive.

29. Despite Plaintiff telling Defendant to stop calling, Defendant continued calling him.

30. Upon information and belief, Defendant used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator.

31. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for marketing, collection and communication purposes.

32. Upon information and belief, Defendant utilizes a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

33. The dialing system used by Defendant calls phone numbers stored in those databases.

34. Accordingly, Defendant's dialing system has the capacity to dial numbers using a random or sequential number generator.

35. Upon information and belief, Defendant's dialing system includes equipment which dials from the stored list of 10 digit consumer telephone numbers.

36. Defendant's dialing system employs computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

37. Furthermore, Defendant's dialing system uses computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

38. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

39. Plaintiff believes and avers that Defendant called him with an automatic telephone dialing system. Plaintiff believes this because Defendant's calls to Plaintiff began with a noticeable pause prior to a live representative of Defendant coming on the line.

40. While Plaintiff has not had the benefit of discovery, he intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

41. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

42. Defendant's calls were bothersome, irritating, disruptive and frustrating for Plaintiff to endure.

## COUNT I
### Defendant Violated the TCPA 47 U.S.C. § 227(b)

43. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

44. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has

the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

45. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

46. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

47. Defendant's calls were not made for "emergency purposes."

48. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

49. Defendant exhibited willfulness in its violation of the TCPA by contacting Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

50. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

51. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

52. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**Defendant Violated the TCPA 47 U.S.C. § 227(C)**

53. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

6

54. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

55. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

56. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

57. Defendant attempted solicit the sale of goods or services in those calls.

58. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

59. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

60. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **RYAN DOBBS,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RYAN DOBBS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: October 8, 2021

By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com